**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CURED NUTRITION LLC,

Plaintiff,

Case No. 8:25-cv-975-TPB-CPT

SAAMIR MITHWANI
and AVANTLIGHTS LLC,

Defendants.
______________________________________/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on consideration of the report and recommendation of Christopher P. Tuite, United States Magistrate Judge, entered on July 25, 2026. (Doc. 35). Judge Tuite recommends that "Plaintiff Cured Nutrition LLC's Amended Motion and Memorandum in Support of Default Judgment" (Doc. 29) be granted in part and denied in part. No party has objected, and the time to object has expired.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made." 28 U.S.C. § 636(b)(1)(C). When no objection is filed, a court reviews the report and

recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. 1982).

Upon due consideration of the record, including Judge Tuite's well-reasoned report and recommendation, the Court adopts the report and recommendation in its entirety.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The report and recommendation (Doc. 35) is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

(2) "Plaintiff Cured Nutrition LLC's Amended Motion and Memorandum in Support of Default Judgment" (Doc. 29) is **GRANTED IN PART** and **DENIED IN PART**, as set forth in the report and recommendation.

(3) Defendants Mithwani and AvantLights are **PERMANENTLY ENJOINED** from:

> (a) manufacturing, distributing/providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute/provide, sell, market, advertise, or promote dietary supplements, nutritional supplements, and gummies bearing the mark CURED or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Cured Nutrition's CURED mark;
>
> (b) making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) the Defendants' dietary supplements, nutritional supplements, and gummies are in any manner approved, endorsed, licensed, sponsored, authorized, or

franchised by, or associated, affiliated, or otherwise connected with Cured Nutrition; or (ii) Cured Nutrition's dietary supplements, nutritional supplements, and gummies are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with the Defendants;

(c) using or authorizing any third party to use (in connection with any business, goods, or services) any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Cured Nutrition or tend to do so;

(d) registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark CURED or any other mark that infringes or is likely to be confused with Cured Nutrition's CURED mark, or any goods or services of Cured Nutrition, or Cured Nutrition as their source;

(e) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (d); and

(f) registering and/or purchasing any other domain name that contains terms that are confusingly similar to the CURED mark, or any formative variations thereof.

(4) Plaintiff is awarded $100,000 in Lanham Act statutory damages for Defendants' violation of 15 U.S.C. § 1125(a).

(5) Plaintiff is awarded $100,000 in ACPA statutory damages for Defendants' violation of 15 U.S.C. § 1125(d).

(6) The domain "trycured.com" shall be transferred to Cured Nutrition.

(7) Plaintiff is entitled to an award of attorney's fees and costs under the Lanham Act. Plaintiff is directed to follow the appropriate procedures

established in the Local Rules pertaining to the filing of a supplemental motion on the amount of attorney's fees and costs.

(8) Plaintiff's motion for default judgment is otherwise **DENIED**.

(9) The Clerk is directed to prepare a judgment in accordance with this Order.

(10) Following the entry of judgment, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of August, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE